UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-02676-MCS-SP | | Date | March 24, 2026 |
|---|---|---|---|---|
| Title | BLADIMIR ASCENCIO-AGUILAR v. MOISES BECERRA, et al. | | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Petitioner:   Attorneys Present for Respondent:

n/a   n/a

**Proceedings:**   **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed or Transferred for Want of Jurisdiction**

On March 13, 2026, petitioner Bladimir Ascencio-Aguilar, a federal immigration detainee, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"). Petitioner challenges his re-detention by U.S. Immigration and Customs Enforcement ("ICE"). Based on a review of the Petition, it appears that jurisdiction does not lie in this district.

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004) (quoting 28 U.S.C. § 2241(a)). Under "the plain language of the habeas statute," the general rule is that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443. This is true for habeas petitions challenging immigration detention as well. *See Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024).

According to the Petition here, petitioner had been confined to the ERO El Paso Camp East Montana in El Paso, Texas. Petition ¶ 2. On February 18 or 19, 2026, ICE advised petitioner that he was being transferred to an unidentified ICE detention facility in California. *Id.* At the time petitioner's attorney filed the Petition in this court on March 13, 2026, petitioner's whereabouts were unknown to his attorney. Petition ¶ 7. According to ICE's Online Detainee Locator System (found at locator.ice.gov), as of the date of this order, petitioner remains in ICE custody and is confined to the Mesa Verde Detention Center in Bakersfield, California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-02676-MCS-SP | Date | March 24, 2026 |
|---|---|---|---|
| Title | BLADIMIR ASCENCIO-AGUILAR v. MOISES BECERRA, et al. | | |

The Petition claims that venue is proper in this district, the Central District of California, because: (1) "ICE exercised custody and control over Petitioner within this District immediately prior to his transfer"; (2) "the legal authority for Petitioner's detention arises from actions taken by ICE within this District"; (3) "a substantial part of the events or omissions giving rise to Petitioner's claims occurred in this District"; and (4) "this District [is] the last known district of custody and the district with personal jurisdiction over Respondents responsible for Petitioner's detention and transfer." Petition ¶¶ 5-7. Setting aside the question of whether any of these factors is sufficient to confer jurisdiction, none of the four foregoing assertions – assuming they are being made about the Central District of California – is consistent with the facts alleged in the Petition. All of these statements appear in fact to apply to the Western District of Texas, where El Paso lies (28 U.S.C. § 124(d)(3)), not the Central District of California. Indeed, the record reflects no connection between petitioner and the Central District of California at all, and certainly no indication he was ever confined in this district. Petitioner is now at the Mesa Verde Detention Center in Kern County in the Eastern District of California (28 U.S.C. § 84(b)), not the Central District of California.

Accordingly, petitioner is hereby **Ordered to Show Cause** in writing by no later than **March 31, 2026**, why the instant § 2241 Petition should not be dismissed or transferred for want of jurisdiction. If petitioner contends the Petition should be transferred, petitioner must support such contention with facts and legal authority showing which district would have jurisdiction over the Petition.

The court warns petitioner that failure to timely and satisfactorily respond as directed in this order may result in dismissal or transfer of this case without further warning.